**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MELANIE DULINA, | |
| Plaintiff, | No. 3:09-CV-458 |
| v. | (JUDGE CAPUTO) |
| HOMETOWN NURSING AND REHABILITATION CENTER, et al., | (MAGISTRATE JUDGE PRINCE) |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are Magistrate Judge Prince's Report and Recommendation ("R & R") of December 21, 2010 (Doc. 32) and Defendants' Objections to the Magistrate Judge's R&R (Doc. 34). Magistrate Judge Prince recommended that Defendant's Motion for Summary Judgment (Doc. 21) be granted as to Count I (Gender Discrimination) of Plaintiff's Second Amended Complaint. Defendants objected that, while they agreed with the Magistrate Judge's recommendation to dismiss Count I, they had also moved to have Count II (Retaliation) dismissed as well. This Court will adopt Magistrate Judge Prince's recommendation and grant Summary Judgment in favor of Defendants as to Count I, and will also grant Summary Judgment to Defendants on Count II (ADA Retaliation) as well.

**BACKGROUND**

As the Magistrate Judge's Report discusses in detail the factual and procedural background of this suit, a brief sketch recapping this background will suffice. Plaintiff was employed by Defendants as a Licensed Practical Nurse from June 2006 until July 2007. In January 2007, Plaintiff told Defendants that she would need an accommodation

concerning her condition of suffering from anxiety attacks. Specifically, she would need to be exempted from the mandatory overtime required by the Defendants of all its employees. This request was supported by a note from Plaintiff's treating psychiatrist, Dr. Shafiq-Ur-Rahman. Defendants sought clarification of the medical basis for Plaintiff's request. In the interim, Plaintiff refused to work overtime and was repeatedly mandated to fulfill her overtime requirements. When Defendants ultimately received clarification in May of 2007, Plaintiff was no longer required to work overtime. Subsequently, on June 20, 2007, Defendants became aware that Plaintiff was pregnant. On July 2, 2007, Plaintiff gave a physician's note to her supervisor stating that Plaintiff could only perform light duty work with a ten (10) pound lifting restriction due to her pregnancy. Plaintiff was told that there were no light duty work positions, and that her position would not be held. Plaintiff was also not entitled to leave under the Family Medical Leave Act since she had been with her employer for less than a year. Plaintiff understood the discussion to have meant that she was terminated, although Defendants contend that she was never fired but rather placed on "inactive" status. Plaintiff eventually returned to part-time work a year and a half later with another employer.

Plaintiff filed a "First Charge" with the Pennsylvania Human Rights Commission ("PHRC") on May 27, 2007 (No. 200607506), which was dual-filed with the Equal Employment Opportunity commission ("EEOC") (No. 17F200762968). This claim concerned Defendants' failure to accommodate her anxiety condition. The PHRC issued a letter finding no probable cause on the allegations of the First Charge on January 23, 2008. The EEOC issued a right-to-sue letter on July 3, 2008. On March 4, 2008 Plaintiff filed a "Second Charge" with the PHRC relating to Defendants' failure to provide her with light duty work and

allegedly retaliating against her for filing the initial EEOC complaint. This was also dual-filed with the EEOC (Nos. 200703599 and 17F200861265). Plaintiff was issued a no probable cause letter on August 12, 2008 and also a right-to-sue letter on this claim on December 12, 2008.

Plaintiff then filed a Complaint in federal court on March 11, 2009. The Complaint was amended on March 13, 2009 and June 3, 2009 (Docs. 3 and 10). In her Second Amended Complaint, Plaintiff brought claims for employment discrimination under the Americans with Disabilities Act ("ADA") and Title VII and retaliation under the ADA. Defendants then brought a Motion for Summary Judgment on May 17, 2010. (Doc. 17.) Defendants claimed that Plaintiff's ADA discrimination claim was time-barred because she had not filed her complaint within ninety (90) days of receiving her right-to-sue letter. Defendants also argued that Plaintiff had not presented any evidence of discrimination under Title VII or retaliation under the ADA.

In his R&R, Magistrate Judge Prince held that Plaintiff's ADA discrimination claim was time-barred. Further, the Magistrate Judge granted Defendants' Summary Judgment Motion on the Title VII gender discrimination claim (Count I) because Plaintiff had failed to make out all the elements of the claim. The Magistrate Judge did not address Defendants' Motion as to Count II, the ADA retaliation claim. Defendants' only objection to the R&R was that they had sought Summary Judgment as to Count II as well.

## **LEGAL STANDARD**

### I.     **Objections to the Report and Recommendation**

Where objections to the magistrate judge's report are filed, the Court must conduct

a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

II.     **Summary Judgment**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of

material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

Defendants are entitled to Summary Judgment on Count II of Plaintiff's Second Amended Complaint because Plaintiff has failed to present any evidence of retaliatory animus or that such animus was a motivating factor in Defendants' actions.

The ADA provides: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge ... under [the ADA]." 42 U.S.C. § 12203(a) (2002). Filing a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") is an activity protected under this statute. *Shellenberger v. Summit Bancorp, Inc.*, 318 F. 3d 183, 187. Because this provision is similar to Title VII's prohibition on retaliation, ADA retaliation claims are analyzed under the same framework employed to analyze retaliation claims arising under Title VII. *Krouse v. Am. Sterilizer Co.*, 126 F. 3d 494, 500 (3d Cir. 1997) (internal citations omitted). This framework will vary depending on whether the suit is characterized as a "pretext" suit or a "mixed motives" suit. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir.1997).

> A "pretext" claim of illegal retaliation follows the familiar burden shifting analysis of Title VII claims set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Thus, in order to prevail under a "pretext" theory of illegal retaliation "a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir.1997). If the plaintiff is able to establish these elements of his/her prima facie case, "the burden shifts to the employer to advance a legitimate, non-retaliatory reason for its adverse employment action." *Id.* If the employer satisfies that burden, the plaintiff must then prove that "retaliatory animus played a role in the employer's decisionmaking process and that it had a determinative effect on the outcome of that process." *Id.* at 501.

*Shellenberger*, 318 F. 3d at 187.  Under a 'mixed-motives' theory, however, Plaintiff need only show that the unlawful motive was a "substantial motivating factor" in the adverse employment action. *Watson v. Se. Pa. Transp. Auth.*, 207 F. 2d 207, 215 (3d Cir. 2000).  Finally, it should be noted that, in the Third Circuit, a person's status as a 'qualified individual with a disability' [under the ADA] is not relevant in assessing the person's claim for retaliation under the ADA. *Krouse*, 126 F.3d at 498.

Here, under the "pretext" theory, assuming for the sake of argument that Plaintiff has made out a *prima facie* case for her ADA retaliation claim based on her refusal to work overtime due to her anxiety condition,[1] Defendants contend that Plaintiff was reprimanded and mandated to work overtime because overtime was required of all employees – a legitimate, non-discriminatory reason.  Plaintiff has not presented any evidence that retaliatory animus played any role in Defendants' decision to mandate Plaintiff's compliance with the overtime requirement.  Likewise, under a 'mixed-motives' theory, Plaintiff's claim fails because Plaintiff has presented no evidence that an unlawful, retaliatory motive was any factor in Defendants' decision to reprimand Plaintiff for failing to comply with the overtime requirement.

As a result, Defendants are entitled to Summary Judgment on Plaintiff's ADA retaliation claim.

---

[1] As a point of clarification, the "opposition" Plaintiff engaged in for purposes of evaluating her retaliation claim is limited solely to her refusal to work overtime, as the filings of her complaints with the PHRC and the EEOC occurred *after* she was mandated to comply with the overtime requirement, and therefore those complaints obviously cannot be the basis of a retaliation claim.

**CONCLUSION**

For the reasons stated above, Magistrate Judge Prince's R&R will be adopted and Summary Judgment will be entered for the Defendants on Count I of Plaintiff's Second Amended Complaint. Additionally, Summary Judgment will be granted to Defendants on Plaintiff's ADA retaliation claim (Count II).

An appropriate order follows.


 4/12/11                                                                    /s/ A. Richard Caputo
Date                                                                         A. Richard Caputo
                                                                             United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MELANIE DULINA,

    Plaintiff,

    v.

HOMETOWN NURSING AND
REHABILITATION CENTER, et al.,

    Defendants.

No. 3:09-CV-458

(JUDGE CAPUTO)

(MAGISTRATE JUDGE PRINCE)

## ORDER

**NOW** this   12th   day of April, 2011, upon review of Magistrate Judge Prince's Report and Recommendation (Doc. 32) for plain error or manifest injustice, **IT IS HEREBY ORDERED** that:

(1)    The Report and Recommendation (Doc. 32) is **ADOPTED**.

(2)    Defendants' Motion for Summary Judgment on Count I of Plaintiff's Second Amended Complaint (Doc. 21) is **GRANTED**.

(3)    Additionally, Defendants' Motion for Summary Judgment on Count II (Doc. 21) is **GRANTED**.

(4)    The Clerk of Court is directed to mark the case **CLOSED**.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge